FILED

UNITED STATES DISTRICT COURT DISTRICT OF WYOMING

12:53 pm, 2/25/26

Margaret Botkins
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | | |
|---|---|---|
| BRUNEL IGOR NTWARI,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES IMMIGRATION and CUSTOMS ENFORCMENT, Denver Field Office.<br><br>Respondents. | ) | Case No. 2:26-cv-00048-ABJ |

## ORDER GRANTING MOTION TO DISMISS

This matter is before the Court on the *Respondent's Motion to Dismiss as Moot*, filed on February 23, 2026. The Court has reviewed the motion, is fully informed in the premises, and finds good cause exists to grant the motion.

### BACKGROUND

Brunel Igor Ntwari's petition for writ of habeas corpus was received and docketed by the Court on February 6, 2026. (Doc. 1). After a preliminary review of the petition, this Court dismissed the portions of the petition challenging the Immigration Judge's and Board of Immigration Appeals' decisions for lack of jurisdiction. (Doc. 2). The only remaining issue was whether Mr. Ntwari's continued detention during the pendency of his removal was lawful. (*Id.*). The Court Ordered the Clerk of Cout to serve the United States with a copy of the petition, set a response date, and Ordered that Petitioner shall not be transferred out of the District of Wyoming. (*Id.*).

Shortly thereafter, the United States moved to lift the restrictions on Mr. Ntwari's travel, indicating that he had been moved to Colorado prior to the restriction enacted by this Court and

that he was awaiting removal to his home country of Burundi. (Doc. 4). This Court then lifted the travel restriction. (Doc. 5).

## DISCUSSION

On February 12, 2026, Petitioner was removed from the United States on a flight from Chicago, Illinois to Addis Ababa, Ethiopia, with a connecting flight scheduled the next day to take him to Bujumbura, Burundi. (Doc. 7). Since the Petitioner is no longer in United States' custody, the United States argues that his petition for *habeas corpus* is moot and should be dismissed. (*Id.*).

A *habeas corpus* petition is moot if "it no longer present[s] a case or controversy under Article III, § 2, of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The Tenth Circuit Court of Appeals has held, "Article III's requirement that federal courts adjudicate only cases and controversies necessitates that courts decline to exercise jurisdiction where the award of any requested relief would be moot—i.e., where the controversy is no longer live and ongoing." *McAlpine v. Thompson*, 187 F.3d 1213, 1216 (10th Cir. 1999) (citation omitted). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

A case may become moot and, thus, subject to dismissal when circumstances change, extinguishing a party's interest in the case. *Green v. Haskell County Bd. of Comm'rs*, 568 F.3d 784, 794 (10th Cir. 2009) (internal quotations omitted). A *habeas* petitioner's release from custody is one such change in circumstance. *Spencer*, 523 U.S. at 7. However, the release does not automatically render the petition moot. *See e.g. Riley v. I.N.S.*, 310 F.3d 1253, 1256–57 (10th Cir. 2002).

Courts will dismiss a petition as moot unless "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet

evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit." *Id.* The party seeking to avoid mootness, here the Petitioner, bears the burden of proof. *United States v. Vera–Flores*, 496 F.3d 1177, 1181 (10th Cir. 2007).

The Court finds that no exceptions to the mootness doctrine apply here and that dismissal is appropriate. First, Petitioner has failed to present any argument or evidence suggesting a "secondary or collateral" injury. Indeed, Petitioner's only remaining claim after preliminary review was that of his confinement. (Doc. 2). Second, there is no suggestion that Mr. Ntwari will be subject to repeat custody, let alone custody in a way that would evade review. Third, while the United States has voluntarily released Mr. Ntwari, there is no indication custody will resume any time soon, particularly given that Mr. Ntwari is no longer in the United States. Finally, this is not a certified class action.

## CONCLUSION

The Court finds that Mr. Ntwari's petition for writ of *habeas corpus* is moot and should be dismissed.

**IT IS THEREFORE ORDERED** that *Respondent's Motion to Dismiss as Moot* is **GRANTED**, and that Petitioner Brunel Igor Ntwari's Petition under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* is hereby **DISMISSED with prejudice**.

**Dated** this 25th day of February 2026.

Alan B. Johnson

HON. ALAN B. JOHNSON
United States District Judge